UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

D-1 ROY M. BAILEY,
D-2 ANTONIO IVEZAJ,
D-3 TALAL KHALIL CHAHINE,
D-4 MOHAMAD ARZOUNI,
D-5 MOHAMMAD BAZZI.

    Defendants.

Case: 2:07-cr-20327
Assigned To: Roberts, Victoria A
Referral Judge: Whalen, R. Steven
Filed: 06-28-2007 At 01:41 PM
SEALED MATTER (NH)

VIOLATIONS:
18 U.S.C. § 201
(Public Official Accepting Bribe)
18 U.S.C. § 371
(Conspiracy)
18 U.S.C. § 1951
(Extortion by Public Official)
18 U.S.C. § 4
(Misprision of Felony)

## INDICTMENT

THE GRAND JURY CHARGES:

### GENERAL ALLEGATIONS

### A.   INTRODUCTION

1.    In or about October of 1987, ROY M. BAILEY was appointed as a Special Agent with the Immigration and Naturalization Service ("INS") assigned to the INS district office in Detroit, Michigan. As an INS Special Agent, ROY M. BAILEY was charged with the investigation of criminal and administrative violations of the Immigration and Nationality Act of the United States, and related federal criminal offenses.

2.    In or about March of 1999, ROY M. BAILEY was appointed as the Supervisory Deportation Officer for the INS district office in Detroit, Michigan. In or about August of 1999,

ROY M. BAILEY was appointed as Assistant District Director for the INS district office in Detroit, Michigan. As the Supervisory Deportation Officer and, thereafter, as the Assistant District Director, ROY M. BAILEY supervised the custody and transportation of immigration aliens pending the completion of their deportation proceedings and removal from the United States.

3.     In March of 2003, pursuant to the Homeland Security Act of 2002, the relevant duties and responsibilities of the Immigration and Naturalization Service were transferred to the Department of Homeland Security - Immigration and Customs Enforcement ("DHS-ICE") and U.S. Citizenship and Immigration Services ("CIS").

4.     In March of 2003, ROY M. BAILEY was appointed as the acting Field Office Director for Detention and Removal Operations for the DHS-ICE field office in Detroit, Michigan. As the acting Field Office Director for Detention and Removal Operations, ROY M. BAILEY supervised the custody and transportation of immigration aliens pending the completion of their deportation proceedings and removal from the United States.

5.     In his capacity as the INS Assistant District Director and Supervisory Deportation Officer, and thereafter, as the DHS-ICE Field Office Director for Detention and Removal Operations, ROY M. BAILEY was further responsible for the detention, safety and care of all immigration detainees held in custody at the INS/DHS-ICE Monroe County Detention Facility located in Monroe County, Michigan.

6.     At all times relevant to this indictment, ANTONIO IVEZAJ, also known as Tony Ivezaj, was a criminal alien subject to a final Order of Deportation from the United States. In or

2

about June of 1998, ANTONIO IVEZAJ incorporated the business TMI Construction Company located in Ferndale, Michigan.

7.      At all times relevant to this indictment, TALAL KHALIL CHAHINE was the owner and operator of the La Shish restaurant chain with multiple locations in and around the metropolitan area of Detroit, Michigan.

8.      At all times relevant to this indictment, MOHAMAD ARZOUNI was an employee of the La Shish restaurant business.

9.      At all times relevant to this indictment, MOHAMMAD BAZZI was a relative of TALAL KHALIL CHAHINE.  At various times between in or about 2001 and in or about 2005, MOHAMMAD BAZZI was an employee of the La Shish restaurant business.

## COUNT ONE

### (18 U.S.C. § 201 – Public Official Accepting Bribes)

**D-1 ROY M. BAILEY,**
**D-2 TONY IVEZAJ.**

1.      The General Allegations are incorporated by reference as if set forth in full herein.

2.      Beginning in 1999 and continuing through 2003, in the Eastern District of Michigan, defendant ROY M. BAILEY, a public official, directly and indirectly did corruptly demand, seek, receive, accept, and agree to receive and accept things of value, that is, in excess of $5,000.00 in funds and free residential construction services from and on behalf of ANTONIO IVEZAJ, in return for and with the intent of being influenced in the performance of an official act and being influenced to act or omit to do an act, in violation of his official duty, that is, to release

ANTONIO IVEZAJ from the custody of the Immigration and Naturalization Service pending

ANTONIO IVEZAJ's deportation and removal from the United States.

## COUNT TWO

### (18 U.S.C. §§ 201 and 371- Conspiracy to Commit Bribery)

**D-1 ROY M. BAILEY,**
**D-2 ANTONIO IVEZAJ.**

1.      The General Allegations are incorporated by reference as if set forth in full herein.

2.      Beginning in 2000 and continuing through 2003, in the Eastern District of

Michigan,  and elsewhere, ROY M. BAILEY and ANTONIO IVEZAJ, defendants herein, did

conspire and agree with one another and with other persons, both known and unknown to the

Grand Jury, to violate the laws of the United States, to wit, bribery of a public official by

corruptly demanding, seeking, receiving, accepting, and agreeing to receive and accept things of

value in return for and with the intent of being influenced in the performance of one or more

official acts.

### OVERT ACTS

3.      In executing the conspiracy alleged in Paragraph Two, one or more of the

defendants committed the following acts.

4.      In or about July and August of 2003, ANTONIO IVEZAJ demanded, sought,

received and accepted and agreed to accept the sum of $50,000.00 in funds, paid by and on

behalf of an individual herein identified as "Gjon C." who was then in the custody of the office

of Detention and Removal Operations of Immigration and Customs Enforcement, formerly

known as the Immigration and Naturalization Service.

5.      In August of 2003, ROY M. BAILEY released and caused to be released Gjon C.

from the custody of the office of Detention and Removal Operations of Immigration and

Customs Enforcement, formerly known as the Immigration and Naturalization Service.

**COUNT THREE**

**(18 U.S.C. § 1951 - Conspiracy to Commit
Extortion by a Public Official)**

**D-1 ROY M. BAILEY,
D-3 TALAL KHALIL CHAHINE.**

1.      The General Allegations are incorporated by reference as if set forth in full herein.

2.      From in or about 1999 and continuing until or after August of 2003, said dates

being approximate, in the Eastern District of Michigan, and elsewhere, defendants ROY M.

BAILEY and TALAL KHALIL CHAHINE conspired and agreed with one another, and with

other persons, both known and unknown to the grand jury, to obstruct, delay and affect

commerce and the movement of articles and commodities in commerce, by extortion, that is, by

obtaining the property of another, with his consent, under color of official right.

OVERT ACTS

3.      In executing the conspiracy alleged in Paragraph Two, one or more of the

defendants did the following overt acts:

5

4.    In July of 1999, ROY M. BAILEY traveled to a location in Dearborn, Michigan to confront an individual identified herein as "Bahaalzin A," a citizen of Iraq who had been admitted to the United States as a permanent resident.

5.    In July of 1999, TALAL KHALIL CHAHINE obtained in excess of $10,000.00 in funds from an individual identified as Bahaalzin A, with the consent of Bahaalzin A.

6.    In July of 2003, ROY M. BAILEY traveled to a location in Troy, Michigan to confront an individual identified herein as "H. Bazzi," a citizen of Lebanon who had been admitted to the United States as a permanent resident.

7.    In July and August of 2003, TALAL KHALIL CHAHINE obtained funds and real property valued in excess of $250,000.00 from H. Bazzi and from the family of H. Bazzi, with the consent of H. Bazzi and with the consent of the family of H. Bazzi.

8.    In July of 2003, TALAL KHALIL CHAHINE traveled from the United States to the country of Lebanon to obtain funds and real property from the family of H. Bazzi, with the consent of the family of H. Bazzi.

## COUNT FOUR

### (18 U.S.C. § 371 - Conspiracy to Defraud the United States)

**D-1 ROY M. BAILEY,**
**D-3 TALAL KHALIL CHAHINE,**
**D-4 MOHAMAD ARZOUNI,**
**D-5 MOHAMMAD BAZZI.**

1.    The General Allegations are incorporated by reference as if set forth in full herein.

6

2.     From in or about September of 1999 until in or about June of 2003, said dates being approximate, in the Eastern District of Michigan, and elsewhere, defendants ROY M. BAILEY, TALAL KHALIL CHAHINE, MOHAMAD ARZOUNI and MOHAMMAD BAZZI conspired and agreed with one another, and with other persons, both known and unknown to the grand jury, to defraud the United States and one or more of its agencies and departments, that is, to hamper, hinder, impede, impair and obstruct by craft, trickery, deceit, and dishonest means, the lawful and legitimate functions of the Immigration and Naturalization Service and, thereafter, U.S. Citizenship and Immigration Services, in bestowing immigration benefits under, and otherwise administering, the Immigration and Nationality Act of the United States.

## OVERT ACTS

3.     In executing the conspiracy alleged in Paragraph Two, one or more of the defendants did the following overt acts.

4.     On or about September 17, 1999, MOHAMAD ARZOUNI entered into a fraudulent marriage with an individual herein referred to as "Priscilla T." solely for the purpose of evading the immigration laws of the United States.

5.     On or about November 3, 2000, MOHAMMAD BAZZI entered into a fraudulent marriage with an individual herein referred to as "Kathleen A." solely for the purpose of evading the immigration laws of the United States.

6.     On or about January 12, 2000, MOHAMAD ARZOUNI filed an Application to Register Permanent Residence or Adjust Status, Form I-485, with the Immigration and Naturalization Service, based upon the fraudulent marriage with Priscilla T.

7.      On or about January 19, 2001, MOHAMMAD BAZZI filed an Application to Register Permanent Residence or Adjust Status, Form I-485, with the Immigration and Naturalization Service, based upon the fraudulent marriage with Kathleen A.

8.      On and before March 19, 2001, ROY M. BAILEY provided false and fraudulent information to a District Adjudication Officer with the Immigration and Naturalization Service in Detroit, Michigan in order to cause the approval of the Application to Register Permanent Residence or Adjust Status, Form I-485 filed by MOHAMAD ARZOUNI.

9.      On or about February 26, 2003, MOHAMAD ARZOUNI filed a Petition to Remove the Conditions on Residence, Form I-751, with the Immigration and Naturalization Service based upon the fraudulent marriage with Priscilla T.

## COUNT FIVE

### (18 U.S.C. § 4- Misprision of Felony)

**D-1 ROY M. BAILEY**

1.      The General Allegations are incorporated by reference as if set forth in full herein.

2.      From approximately May of 2000 and continuing through in and after February of 2004, in the Eastern District of Michigan, and elsewhere, defendant ROY M. BAILEY, having knowledge of the actual commission of a felony cognizable by a court of the United States, that is, an officer or employee of the United States converting property of another, resulting in the wrongful theft of more than $300,000.00 in U.S. currency from immigration aliens kept in the custody of INS and DHS-ICE, in violation of Title 18, United States Code, Section 654, did conceal the same by false and misleading statements and intimidation, and did not, as soon as

possible, make known the same to some judge or other person in civil or military authority under

the United States.

THIS IS A TRUE BILL.


s/Grand Jury Foreperson
FOREPERSON


STEPHEN J. MURPHY
United States Attorney


s/John C. Engstrom
JOHN C. ENGSTROM
Assistant United States Attorney
Acting Chief, Special Prosecutions Unit


s/Bruce C. Judge
BRUCE C. JUDGE
Assistant United States Attorney

Dated:   June 28, 2007

9

## Criminal Case

**United States District Court**
**Eastern District of Michigan**

Case: 2:07-cr-20327
Assigned To: Roberts, Victoria A
Referral Judge: Whalen, R. Steven
Filed: 06-28-2007 At 01:41 PM
SEALED MATTER (NH)

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to

| Companion Case Information | Companion Case Number: **05-80642** |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: **Hon. Julian Abele Cook** |
| **XX**   Yes        No | AUSA's Initials: _BCJ_ |

**Case Title:**   UNITED STATES v.   D-1   ROY M. BAILEY
                                  D-2   ANTONIO IVEZAJ
                                  D-3   TALAL KHALIL CHAHINE
                                  D-4   MOHAMAD ARZOUNI
                                  D-5   MOHAMMAD BAZZI

**County where offense occurred :**   Wayne County

**Check One:**      XXX Felony          **Misdemeanor**          **Petty**

☒   **Indictment – no prior complaint.**
☐   Information based upon prior complaint [Case number:                    ]
☐   Indictment ____ Information ____ based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information:

**Superseding to Case No:** _____ **Judge:** _____

☐   Original case was terminated; no additional charges or defendants.
☐   Corrects errors; no additional charges or defendants.
☐   Involves, for plea purposes, different charges or adds counts.
☐   Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** |
|---|---|

_June 28, 2007_
Date

*signature*
BRUCE C. JUDGE
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
(313) 226-9122
Bar ID: 148805 (CA)

[1] Companion cases are matters in which it appears that substantially similar evidence will be offered at trial or the same of related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

5/1/99